UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ASHLEY TECHNER,
    Plaintiff,

v.                                          Case No. 11-14722
                                            Honorable Patrick J. Duggan

HELEN GREENBERG,
    Defendant.
_____/

**<u>OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR REMAND</u>**

On or about May 16, 2011, Ashley Techner ("Plaintiff") filed this action against her paternal grandmother, Helen Greenberg ("Defendant") in the Circuit Court for Oakland County, Michigan. Defendant thereafter removed the action to federal court on the basis of diversity jurisdiction, 28 U.S.C. §§ 1332, 1441. In her Complaint, Plaintiff asserts the following claims against Defendant: (I) breach of contract; (II) breach of fiduciary duty under the Michigan Limited Liability Company Act ("LLCA"); (III) "equitable estoppel"[1]; and (IV) minority member oppression under the LLCA. These claims arise from Plaintiff's assertion that Defendant, acting in concert with Barry

---

[1] It is not clear what cause of action Plaintiff intends to assert, if any, in Count III of her Complaint. Equitable estoppel is not a cause of action; instead it operates as a "judicially created exception to the general rule that statutes of limitations run without interruption. It is essentially a doctrine of waiver that extends the applicable period for filing a lawsuit by precluding the defendant from raising the statute of limitations as a bar." *Cincinnati Ins. Co. v. Citizens Ins. Co.*, 454 Mich. 263, 270, 562 N.W.2d 648, 651 (1997). In fact, in response to Defendant's motion for summary judgment, Plaintiff discusses the statute of limitations applicable to her breach of fiduciary duty, breach of contract, and minority member oppression claims without mentioning her "equitable estoppel claim," thereby suggesting that she in fact is not asserting such a claim.

Greenberg (Plaintiff's father and Defendant's son), failed to make certain distributions to the Ashley Greenberg Irrevocable Trust of which Plaintiff is the sole beneficiary and current Trustee.[2] Presently before the Court is Defendant's Motion for Summary Judgment or Partial Summary Judgment and Remand, filed pursuant to Federal Rule of Civil Procedure 56 on February 13, 2012. The motion has been fully briefed and the Court held a motion hearing on May 15, 2012.

I.      **Factual Background**

As indicated above, Plaintiff is the sole beneficiary of the Ashley Greenberg Trust ("Trust"). The Trust is a member of Greenberg Properties, LLC, holding a 16.33% ownership interest in that entity. Greenberg Properties is governed by an Operating Agreement dated May 4, 1999, which identifies Barry Greenberg and Defendant as the entity's managers. (Pl.'s Resp. Ex. 1.) The Operating Agreement requires that all distributions from Greenberg Properties be made to the company's members "subject to the fiduciary requirements of the [Michigan Limited Liability Company] Act and Michigan law generally" and "in direct proportion to the number of Units owned by each [member]." (*Id.* ¶ 3.1.)

Plaintiff claims that the Trust did not receive 16.33% of the distributions made from Greenberg Properties. She asserts that Defendant failed to exercise any control or oversight over these distributions and allowed Barry Greenberg to make distributions "at his whim" and without making proportionate distributions to other members. As a result,

---

[2] Barry Greenberg, Plaintiff's father, previously and until recently was the Trustee.

2

Plaintiff maintains that the Trust was not paid hundreds of thousands of dollars in distributions to which it was entitled. (Def.'s Mot. Ex. D at Schedules 6-9.)

Plaintiff first sued her father, Barry Greenberg, in the Circuit Court for Oakland County, Michigan, claiming that he took money from the Trust and did not demand proper distributions to the Trust from Greenberg Properties. Plaintiff prevailed in that action, receiving an award from an arbitrator of about $410,000. (Def.'s Mot. Ex. C.) Of this amount, $140,176 represented the amount of distributions the arbitrator found the Trust should have received from Greenberg Properties. The arbitrator's decision is dated December 9, 2010. (*Id.*)

## II.     Summary Judgment Standard

Summary judgment pursuant to Federal Rule of Civil Procedure 56 is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed R. Civ. P. 56(a). The central inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52, 106 S. Ct. 2505, 2512 (1986). After adequate time for discovery and upon motion, Rule 56(c) mandates summary judgment against a party who fails to establish the existence of an element essential to that party's case and on which that party bears the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986).

The movant has an initial burden of showing "the absence of a genuine issue of

material fact." *Id.* at 323, 106 S. Ct. at 2553. Once the movant meets this burden, the "nonmoving party must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Electric Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356 (1986) (quoting Fed. R. Civ. P. 56(e)). To demonstrate a genuine issue, the nonmoving party must present sufficient evidence upon which a jury could reasonably find for that party; a "scintilla of evidence" is insufficient. *See Liberty Lobby*, 477 U.S. at 252, 106 S. Ct. at 2512. The court must accept as true the non-movant's evidence and draw "all justifiable inferences" in the non-movant's favor. *See id.* at 255, 106 S. Ct. at 2513.

### III. Defendant's Arguments and Analysis

Defendant asserts two arguments in support of her motion. First, Defendant contends that Plaintiff is estopped from bringing this action because she received a judgment for the amount of the unpaid distributions in the State court. Second, Defendant argues that most of Plaintiff's claims for distributions fall outside the limitations period and the amount of the distributions that were not properly paid that are timely sought are insufficient to confer subject matter jurisdiction on this Court. Stated differently, Defendant claims that whether the statute of limitations for Plaintiff's claims is deemed to be three or six years, the distributions owed but not paid to the Trust in the three or six years preceding the filing of Plaintiff's Complaint do not exceed $75,000. The Court addresses Defendant's second argument first, because if the Court lacks subject matter jurisdiction, it has no authority to decide her estoppel argument.

A.   **Whether Some of the Damages Plaintiff Claims are Barred by the Applicable Limitations Periods**

The limitations period applicable to Plaintiff's breach of contract claim is six years. Mich. Comp. Laws § 600.5807(8). The Michigan Limited Liability Company Act ("LLCA" of "Act") sets forth the following limitations period for a claim against a manager of a limited liability company for a breach of duties imposed by the Act:

> An action against a manager for failure to perform the duties imposed by this act shall be commenced within 3 years after the cause of action has accrued or within 2 years after the cause of action is discovered or should reasonably have been discovered by the complainant, *whichever occurs first*.

Mich. Comp. Laws § 450.4404(6) (emphasis added). The Act sets forth a similar limitations period for minority member oppression claims:

> An action seeking an award of damages must be commenced within 3 years after the cause of action under this section has accrued or within 2 years after the member discovers or reasonably should have discovered the cause of action under this section, *whichever occurs first*.

Mich. Comp. Laws § 450.4515(1)(e) (emphasis added).

Plaintiff asserts that fraudulent concealment tolls the statute of limitations and that Defendant engaged in a "continuing wrong" that results in the statutes of limitations not accruing until the wrongful conduct terminated (which was less than three years before Plaintiff filed this action).

The fraudulent concealment exception is set forth in Michigan Compiled Laws Section 600.5855:

> If a person who is or may be liable for any claim fraudulently conceals the existence of the claim or the identity of any person who is liable for the

5

> claim from the knowledge of the person entitled to sue on the claim, the action may be commenced at any time within 2 years after the person who is entitled to bring the action discovers, or should have discovered, the existence of the claim or the identity of the person who is liable for the claim, although the action would otherwise be barred by the period of limitations.

This exception, however, will not toll the LLCA's limitations periods set forth above. *See Trident-Brambleton, LLC v. Trident Properties, Inc.*, No. 1:05cv1423, 2006 WL 1880986, at *4-5 (E.D. Va. July 5, 2006) (unpublished opinion) (interpreting Michigan law). As Plaintiff's counsel correctly pointed out at the motion hearing, Judge Brinkema's decision in *Trident-Brambleton* is (1) not controlling, (2) unpublished, (3) issued from a foreign jurisdiction, and (4) relied on a Michigan case that (a) interpreted a different although almost identical Michigan statute and (b) subsequently was overruled albeit on other grounds. Nevertheless, this Court is convinced that Judge Brinkema reached the correct result. According to the plain language of Sections 450.4404(6) and 450.4515(1)(e), an action must be filed, at the latest, within three years after the cause of action accrued even if the plaintiff discovers or reasonably should have discovered the cause of action after that period expired.[3] Mich. Comp. Laws §§ 450.4404(6),

---

[3]At the motion hearing, Plaintiff's counsel argued that the "whichever occurs first" language in Michigan Compiled Laws Section 450.4404(6) and 450.4515(1)(e) applies to the "discovered or should reasonably have been discovered" clause. This interpretation makes no sense, as it would leave no basis for determining whether the limitations period is 3 years after the cause of action has accrued or 2 years after discovery. Moreover, the Court ponders whether it ever could be the case that a party discovers a cause of action before he or she "should have" discovered the cause of action.

Plaintiff's counsel also argued that a legislative body would never impose an absolute bar to the filing of a lawsuit that does not allow for an extension of the limitations period that takes into consideration a defendant's possible concealment of the

.4515(1)(e).

But even if the fraudulent concealment exception applies (and Defendant has not argued that it is not applicable to the statute of limitations for breach of contract claims), Plaintiff presents no evidence to apply the exception to her claims against Defendant. The Michigan Supreme Court has defined fraudulent concealment as follows:

> "Fraudulent concealment means employment of artifice, planned to prevent inquiry or escape investigation, and mislead or hinder acquirement of information disclosing a right of action. The acts relied on must be of an affirmative character and fraudulent."

*Echols v. Chrysler Corp.*, 633 F.2d 722, 725 (6th Cir. 1980) (quoting *Eschenbacher v. Hier*, 363 Mich. 676, 681, 110 N.W.2d 731, 733 (1961)). It is the existence of the cause of action that must have been concealed rather than the acts leading to the cause of action. *Winterhalter v. Watson Wyatt Co.*, 87 F. App'x 513, 519 (6th Cir. 2004) (unpublished opinion). "[M]ere silence or inaction does not amount to fraudulent concealment." *Grebner v. Runyon*, 132 Mich. App. 327, 340, 347 N.W.2d 741, 747 (1984) (citing *McNaughton v. Rockford State Bank*, 261 Mich. 265, 268-269, 246 N.W. 84 (1933)). The

---

cause of action. Apparently Plaintiff's counsel is unfamiliar with statutes of repose. As one court has explained: "[A] statute of repose begins to run without interruption once the necessary triggering event has occurred, even if equitable considerations would warrant tolling or even if the plaintiff has not yet, or could not yet have, discovered that she has a cause of action." *P. Stolz Family P'ship L.P. v. Daum*, 355 F.3d 92, 102-03 (2d Cir. 2004) (citing *Jackson Nat'l Life Ins. Co. v. Merrill Lynch & Co.*, 32 F.3d 697, 704 (2d Cir. 1994) ("The three-year period is an absolute limitation which applies whether or not the investor could have discovered the violation."). In other words, with a statute of repose, the legislature *has* "'terminate[d] the possibility of liability after a defined period of time, regardless of a potential plaintiff's lack of knowledge.'" *Klein v. George G. Kerasotes Corp.*, 500 F.3d 669, 674 (7th Cir. 2007) (quoting *Cunningham v. Huffman*, 609 N.E.2d 321, 325 (Ill. 1993)).

concealment generally must involve an affirmative act or misrepresentation by the defendant. *Phinney v. Perlmutter*, 222 Mich. App. 513, 562-63, 564 N.W.2d 532, 559 (1997). Courts have advised that tolling provisions, such as the fraudulent concealment exception in Section 600.5855, are to be "narrowly applied" and "strictly construed." *Hill v. United States Dep't of Labor*, 65 F.3d 1331, 1335 (6th Cir. 1995); *Turner v. Mercy Hosp. & Health Servs. of Detroit*, 210 Mich. App. 345, 350, 533 N.W.2d 365, 367 (1995).

Plaintiff has neither pleaded sufficient facts in her Complaint nor presented evidence in response to Defendant's summary judgment motion to show that *Defendant* fraudulently concealed any cause of action. Plaintiff alleges that, by signing the Greenberg Property Operating Agreement and the Assignment of L.L.C. Membership Units instrument, Defendant made a material misrepresentation to Plaintiff that Defendant would perform her legal and contractual duties as a manager of the LLC for the benefit of Plaintiff, the Trust, and all LLC members and prevent wrongful distributions from being made by the LLC. (Compl. ¶¶ 41, 42.) Defendant's failure to fulfill her duties constitutes inaction or silence. Plaintiff does not allege that Defendant fraudulently and actively concealed the wrongful distributions. In fact, there is no evidence that Defendant was even aware that the wrongful distributions had been made.

Plaintiff may be able to show that Barry Greenberg fraudulently concealed a cause of action. However, the fraudulent concealment exception is enforced against only the person(s) who committed the acts to conceal the action. *See Echols, supra*. Thus the exception does not render Plaintiff's claims against Defendant timely. The continuing-

wrong doctrine also does not expand the time period for which Plaintiff can seek damages against Defendant.

The continuing-wrong doctrine provides: "Where a defendant's wrongful acts are of a continuing nature, the period of limitation will not run until the wrong is abated; therefore, a separate cause of action can accrue each day that the defendant's tortious conduct continues." *Horvath v. Delida*, 213 Mich. App. 620, 626-27, 540 N.W.2d 760, 763 (1995) (citation omitted). While this doctrine applies to the repeated failure to make distributions from Greenberg Properties to the Trust and therefore may render Plaintiff's claims timely with respect to the applicable statutes of limitation, Plaintiff still may recover only those damages arising from the wrongful acts committed within the limitations period.[4]  *Id*. at 627, 540 N.W.2d at 763 ("Where the continuing-wrongful-acts doctrine applies, the damages recoverable are limited to those occurring within the applicable limitation period and, where appropriate, after the filing of the complaint.") According to the expert report Plaintiff submitted in her lawsuit against Barry Greenberg, Plaintiff's damages for unpaid distributions are limited to $15,157.75 if a limitations period of three years is applied and $49,306 if a period of six years is applied. (Def.'s

---

[4]As Plaintiff's counsel pointed out at the hearing, there are Michigan cases stating that a plaintiff is to be made whole for the entire injury suffered once jurisdiction is attained through the continuing violations doctrine. *See, e.g., Sumner v. Goodyear Tire & Rubber Co.*, 427 Mich. 505, 542 n.15, 398 N.W.2d 368, 384 n.15 (1986), overruled on other grounds by *Garg v. Macomb Cnty. Cmty. Health Servs.*, 472 Mich. 263, 696 N.W.2d 646 (2005). *Sumner*, as well as the cases on which it relied and which have followed its holding, are discrimination cases, however. In cases such as the present one, where there are discrete damages arising from each wrong, this Court believes that damages remain limited only to the wrongs committed within the limitations period.

9

Mot. Ex. D Schedule 5.)  It does not necessarily follow, however, that this Court is stripped of diversity jurisdiction at this juncture.

> **B.    Whether Federal Subject-Matter Jurisdiction is Lacking Because the Applicable Statutes of Limitations Limit Plaintiff's Damages to an Amount Less than $75,000**

Defendant removed Plaintiff's Complaint to federal court on the basis of diversity jurisdiction, which requires (1) "that the matter in controversy exceeds the sum or value of $75,000" and (2) complete diversity between the disputing parties.  28 U.S.C. § 1332.  Contrary to Plaintiff's argument, by removing the action from state to federal court, Defendant did not waive her ability to subsequently argue that federal subject matter jurisdiction is lacking and the matter should be remanded.  "[N]either the parties nor their lawyers may . . . waive arguments that the court lacks jurisdiction," *United States v. Tittjung*, 235 F.3d 330, 335 (7th Cir. 2000); *Seale v. INS*, 323 F.3d 150, 152 n.1 (1st Cir.2003), and the court is required to raise the issue of subject-matter jurisdiction *sua sponte* when it appears that jurisdiction is lacking.  *Dealer Computer Servs., Inc. v. Dub Herring Ford*, 623 F.3d 348, 361 n.2 (6th Cir. 2010).

Nevertheless, subject matter jurisdiction that is founded on a sum claimed by the plaintiff in good faith is not defeated when the plaintiff is not successful in recovering an amount over the $75,000 threshold or where the complaint discloses the existence of a valid defense to the claim or amount of damages sought:

> "The rule governing dismissal for want of jurisdiction in cases brought in the federal court is that, unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith.  It must appear to a legal certainty that the claim is really for less than

> the jurisdictional amount to justify dismissal. The inability of plaintiff to recover an amount adequate to give the court jurisdiction does not show his bad faith or oust the jurisdiction. *Nor does the fact that the complaint discloses the existence of a valid defense to the claim. . . .*

*Kovacs v. Chesley*, 406 F.3d 393, 395 (6th Cir. 2005) (emphasis added) (quoting *St. Paul Mercy Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-90, 58 S. Ct. 586 (1938)). As the Sixth Circuit further explained in *Kovacs*, there is a "critical difference" between a dismissal for failure to satisfy the amount in controversy threshold and one for summary judgment:

> The test for whether the jurisdictional amount has been met considers whether the plaintiff can succeed on the merits in only a very superficial way. Whereas a court considering a summary judgment motion could examine defenses, such as qualified immunity, res judicata, or the application of a statute of limitations, *a court considering a dismissal for failure to meet the amount in controversy requirement cannot*.

*Id.* at 396 (emphasis added).

Here, Plaintiff had a legal basis for seeking damages exceeding $75,000. It is only upon examination of Defendant's statute of limitations defense that the amount she can recover is reduced below the jurisdictional threshold. This does not deprive the Court of federal subject matter jurisdiction. Therefore, the Court can proceed to address Defendant's first argument in support of her summary judgment motion.

      **C.**     **Whether Plaintiff is Estopped from Seeking Damages from Defendant**

Defendant argues that Plaintiff is estopped from bringing this action because "she has been made whole." (Def.'s Br. in Supp. of Mot. Summary J. at 5.) Specifically, as explained earlier, Defendant argues that Plaintiff is estopped from seeking damages in

this lawsuit because a Michigan court previously entered a judgment awarding her the amount of the unpaid distributions from her father, Barry Greenberg.  According to Plaintiff's response brief, however, the State court judgment has not been satisfied.  (Pl.'s Resp. Br. at 3.)  Defendant fails to show that, under these circumstances, Plaintiff cannot recover damages for the unpaid distributions from an alternative wrongdoer.

In support of her estoppel argument, Defendant relies on *Baker v. The Flint & Pere Marquette RR Co.*, 91 Mich. 298, 51 N.W. 897 (1892), and Michigan Compiled Laws § 600.6303(1).  *Baker* is distinguishable, however.  There, the plaintiff's son not only received an earlier judgment against the railroad company based on the same injuries for which the plaintiff was suing the railroad company, but the railroad company in fact had satisfied the judgment.  91 Mich. at 299, 51 N.W. at 897.  The Michigan statute Defendant cites, by its plain terms, applies only to personal injury actions– i.e., those claiming bodily harm, sickness, disease, death, or emotional harm resulting from bodily harm.  Mich. Comp. Laws §§ 600.6301(b), .6303(1).

## IV.   Conclusion

For the reasons set forth above, this Court concludes that Plaintiff is not estopped from bringing this action against Defendant and the Court has subject matter jurisdiction even though the statute of limitations precludes Plaintiff's recovery for the full amount of the total unpaid distributions to the Trust from Greenberg Properties.

Accordingly,

**IT IS ORDERED**, that Defendant's motion for summary judgment is **DENIED**;

**IT IS FURTHER ORDERED**, that Defendant's motion for partial summary judgment is **GRANTED IN PART AND DENIED IN PART**;

**IT IS FURTHER ORDERED**, that Defendant's motion for remand is **DENIED**.

Date:  May 16, 2012               s/PATRICK J. DUGGAN
                                         UNITED STATES DISTRICT JUDGE

Copies to:
William H. Horton, Esq.
Elizabeth A. Favaro, Esq.
Paul P. Asker, Esq.
Jessica Dopierala Hite, Esq.
Matthew P. Salgat, Esq.